UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN M. FRITZ,<br><br>               Plaintiff,<br><br>   v.<br><br>JB HUNT TRANSPORT, INC.,<br><br>               Defendant. | CASE NO. C12-5635<br><br>ORDER TO SHOW CAUSE RE JURISDICTION |

This matter comes before the Court *sua sponte* on the Court's review of Defendant's removal documentation. The Court has considered the Notice of Removal, the Complaint and Amended Complaint, and the record herein.

**INTRODUCTIOIN AND BACKGROUND**

On July 18, 2012, Defendant JB Hunt Transport Inc. filed a Notice of Removal of the above captioned wrongful discharge action. Dkts. 1 & 2. The Notice of Removal asserts as the basis for jurisdiction both federal question jurisdiction, 28 U.S.C. §1331, and diversity of citizenship, 28 U.S.C. §1332. Dkt. 1 p. 2.

The federal questions in the Complaint and Amended Complaint are claims asserted under (1) the Federal Motor Carrier Act, 49 U.S.C. Subtitle VI, Part B, and (2) 49 C.F.R. § 395 et seq. Dkt. 2 p. 13; Dkt. 10 p. 9.

It is unquestioned that there is complete diversity of citizenship as Plaintiff is a resident and citizen of Washington, whereas Defendant is incorporated under the laws of Georgia with its principal place of business in Arkansas. *Id.* The Complaint does not specify an amount of monetary damages, and Defendant simply avers that "there there is a good faith belief based on the allegations in the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs." *Id*.

## STANDARDS GOVERNING REMOVAL

A district court has an independent duty to examine its own jurisdiction and to remand a removed action if there is no federal jurisdiction. Removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment. *Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc*., 159 F.3d 1209, 1211 (9th Cir. 1998); *Harris v. Provident Life and Acc. Ins. Co*., 26 F.3d 930, 932 (9th Cir. 1994). In the absence of subject-matter jurisdiction, the court is empowered to, sua sponte, order summary remand of the action. 28 U.S.C. § 1446(c)(4). The Ninth Circuit has held that "[i]f a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it." *Sparta Surgical Corp*. at 1211.

The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for any district ... where such action is pending." 28 U.S.C. § 1441(a).

A federal court must order remand if there is any defect which causes federal jurisdiction to fail.  28 U.S.C. § 1447(c).  The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

The removing defendant bears the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement.  *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 682-83 (9th Cir. 2006).  The presumption against removal jurisdiction applies with particular force to defendant's arguments that the complaint frames an amount in controversy that exceeds the jurisdictional minimum.  *Gaus,* at 566; *Rodgers v. Central Locating Service, Ltd.*, 412 F. Supp.2d 1171, 1175 (W.D. Wash. 2006).  Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement.  *Abrego Abrego*, at 683; *Gaus,* at 566-67; *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996).

Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal jurisdiction.  *Rodgers*, at 1178; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997).  Instead, the courts may look beyond pleadings and consider other summary judgment type evidence relevant to the amount in controversy, tested as of the time of removal.  *Kroske v. U.S. BankCorp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

**Diversity Jurisdiction**

The district courts of the United States have "original jurisdiction" is where there is complete diversity between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).

It is not facially evident from the face of Plaintiffs' complaint that the matter in controversy exceeds $75,000. Plaintiff alleges that he has suffered lost wages, past and future, lost future employment opportunities, anxiety and emotional distress. Plaintiff's prayer for relief seeks general and punitive damages, back and front pay, and reasonable attorney's fees and costs. Dkt. 2 p. 14; Dkt. 10 p. 10.

Defendant has not set forth any facts in the removal petition, nor submitted any summary-judgment-type evidence. Its reliance on "a good faith belief" makes it clear that Defendant believes it is "facially evident" that this controversy involves more than $75,000. However, Plaintiffs' Complaint provides no reasoned basis for determining the amount in controversy. Nowhere in the Complaint does it relate the necessary facts or circumstances that would permit the Court to reasonably infer the probable extent of Plaintiff's damages. To rely on what effectively is mere speculation and conjecture is contrary to the Ninth Circuit's requirement that the jurisdictional determination be grounded on a factual basis that is similar in quality to "summary-judgment-type evidence." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003)

It is unclear at this stage of the proceedings that the jurisdictional requirements have been satisfied for federal jurisdiction premised on diversity of citizenship.

**Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The vast majority of cases that come within this grant of jurisdiction are those in which federal law creates the cause of action. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Plaintiff asserts a federal cause of action pursuant to the Federal Motor Carrier Act, 49 U.S.C. Subtitle VI, Part B, and (2) 49 C.F.R. § 395 et seq. However, it is not apparent that Plaintiff may maintain a cause of action pursuant to this statute. The Federal Omnibus Transportation Employee Testing Act (FOTETA), 49 U.S.C. § 31306, does not provide a federal remedy for a private cause of action. See *Sheehan v. Broadband Access Services, Inc*. 889 F.Supp.2d 284 (D. R.I. 2012). *Byrne v. Massachusetts Bay Transp. Authority*, 196 F.Supp.2d 77, 87 (D. Mass. 2002); *Parry v. Mohawk Motors of Michigan, Inc*., 236 F.3d 299, 307–08 (6th Cir. 2000); *Burton v. Southwood Door Co., MEA, Inc.,* 305 F.Supp.2d 629, 634 (S.D. Miss. 2003).

The whistle-blowers protections found in the Safety Transportation Assistance Act (STAA), 49 U.S.C. § 31105, also do not provide a direct cause of action in the district court. A discharged employee who meets the whistleblower criteria set forth in the statute is entitled to file a complaint with the Secretary of Labor. 49 U.S.C. § 31105(a) & (b). The district courts only have jurisdiction to enforce an order issued by the Secretary of Labor, 49 U.S.C. § 31105(e), or in instances where the where the Secretary fails to act on a complaint, 49 U.S.C. § 31105(c). See *Calhoun v. U.S. Dept. of Labor*, 576 F.3d 201, 208 (4th Cir. 2009); *Yellow Freight Sys., Inc. v. Reich,* 8 F.3d 980, 984 (4th Cir. 1993).

There is nothing in Plaintiff's Complaint or the Notice of Removal that indicates that the district court has federal question jurisdiction under "49 U.S.C. Subtitle VI, Part B."

## CONCLUSION

The Notice of Removal does not reflect that this Court has jurisdiction. There is a lack of a factual basis for the establishment of the requisite jurisdictional amount of damages in a diversity action. In regard to federal question jurisdiction, there may be no cause of action under the cited federal statute and regulation. Rather than summarily remand this matter to the state

1  court, the parties should have the opportunity to show cause why this matter should not be

2  remanded to state court for lack of federal jurisdiction.

3        Therefore it is hereby **ORDERED**:

4        Defendant **SHOW CAUSE,** if any it has, in writing, no later than May 24, 2013, why

5  this matter should not be remanded to state court for lack of jurisdiction.

6        Plaintiff may file a response, no later than May 31, 2013, and the Defendant a reply, no

7  later than June 7, 2013.  The matter will be docketed for consideration on June 7, 2013.

8        Defendant's motion for summary judgment (Dkt. 24) is stricken from the docket and will

9  be renoted, if necessary, after a determination of jurisdiction.

10        Dated this 14th day of May, 2013.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge